PROVOSTY, J.
Plaintiff’s projected railroad, due north and south, on the east bank of the Mississippi river, has to cross defendant’s land, which has a front of two acres on the river and runs back from the river, or due east, 40 acres, between parallel lines. The land is near the upper boundary of the *1000 city of New Orleans, and is already traversed by five railroads. The present suit is brought to expropriate a strip 300 feet in width across the land, making an area of 2.06 acres, for right of way and trackyards.
The first point to be noticed is the challenge to the array of jurors. The objection is that not one of the 48 freeholders composing the venire was taken from the east side of the river, where the property to be expropriated is situated, but all from the west side, and nearly all from the towns on the west side.
The requirement of the statute (article 2632, Oiv. Code) is that the array shall consist of “a list of forty-eight freeholders residents of the parish in which the land lies, and not interested in the issue to be tried.”
Defendant does not say that the freeholders selected did not answer to that description, but only that the fact of their being all from one side of the river shows design on the part of the sheriff, and that this vitiates the venire. But, evidently, not unless the design was sinister, and no suggestion of that kind is made, non constat that the freeholders of the east side were not all, directly or indirectly, interested, and hence disqualified. We will add, however, that, if any could have been found on the east side who were not interested, it would have been the duty of the sheriff to take them by preference, as they would have been from the vicinity of the land to be expropriated, and more likely to know something of its character and value.
The next point is that one of the jurors was a brother of one of the counsel of plaintiff. This is not good ground for recusation. The justices of this court could not well recuse themselves because their brothers or their sons happened to be of counsel, nor does a lawyer with a large practice have to emigrate from his parish because his brother happens to be made judge.
. We pass to defendant’s objections to evidence.
The first is to the offer of the assessment roll for the purpose of showing value. Until, assessments shall be made in this state at. the market value of property, they will not be reliable evidence of value, and the offer of them for showing value will be a useless incumbering of the record, unless accompanied by proof that the appraisement was made by the owner himself.
We will here add, for the guidance of counsel in the event this case is remanded, that the court does not consider that an admission of the notary that, so far as he knows, the price recited in the act passed before him was the true price, is. sufficient proof of the true price, for the purpose of making the act admissible in evidence.
The next matter calling for consideration is the objection to the witness Danziger as-an expert. The witness is 23 years old, resides in New Orleans, has been engaged in the real estate business since he was 18, and was employed by plaintiff to inform himself as to the value of the property and make an estimate. He bases his opinion principally on his examination of the records showing the sales of property in the neighborhood, of which there have been very few. He never saw the land of defendant but once, which was the time he went to examine it in pursuance of his employment by plaintiff. He is not sure he was on the particular portion of the land sought to be expropriated. Did not notice how much timber there is on the-land, and does not know the value of timber. Has negotiated a great many sales of country property, plantations, in the vicinity of New Orleans; was “interested in the biggest land deals right below” the property in question. He admits knowing nothing of the sale of the West Park tract of land, 30 acres, for $30,000; said land being situated about ten arpents below the land in suit. Did not take-that sale into consideration in making his estimate. Does not know whether the West. *1002 Park land is or not higher than the land in question. Under the foregoing circumstances, the witness was qualified as an expert. As he had negotiated a great many sales of country property in the vicinity of New Orleans, and was interested in a large land ■deal right below the property in question, he was more or less acquainted with the value of land in the neighborhood, and could therefore have an opinion on the subject. A. & E. E. of Law, vol. 12, pp. 475, 482. But, in view of his limited knowledge of the particular land in question, and of his being in the ■employ of the plaintiff as an expert, his opinion, can be of but very little weight. So far as his information was founded upon an examination of recorded acts of sale, it could simply mislead, since these recorded acts would themselves have been inadmissible, unless accompanied by proof that the prices recited in them were bona fide. N. O. v. Manfre, 111 La. 927, 35 South. 981.
We pass now to the objections made by plaintiff to defendant’s evidence.
Plaintiff offered the record in the suit entitled N. O. & W. R. R. Co. v. B. Morere, No. 342 of the docket of the Twenty-First judicial district court, parish of Jefferson, which was the suit by which one of the five railroads already traversing defendant’s land expropriated its right of way. The ground of the exclusion was that the valuation made in the suit was res inter alios acta, and too remote in point of time; it dating nearly nine years back.
The evidence, we think, should have been admitted. In an expropriation proceeding, whatever tends to show the value of the property in question is good evidence, even though res inter alios acta. It is on this principle that private sales between third persons may be shown. Remoteness is good ground of objection only in so far as it gives rise to a presumption that such a change has taken place in the conditions surrounding the property as may render the remote estimate of it unreliable as a test of value. This presumption, however, may yield to evidence that conditions have continued unchanged. Thus, in the case of Benham v. Dunbar, 103 Mass. 365, the Supreme Court of Massachusetts held that sales of similar property six miles distant and eight years back were not too remote, under the peculiar circumstances of the case. In the instant case the evidence shows that the only change in the conditions has been a steady increase in value. This change might furnish a good ground of objection to defendant, since the present value is higher, and defendant is interested in show-' ing a high value; but surely it does not furnish good ground for objection to plaintiff who is interested in showing a low value— the very thing which the evidence would tend to show.
But when we come to examine the record in question, which has been brought up as part of the bill of exception, we find it of little or no utility. The amount allowed the defendant was not alone for the value of the land taken, but also for the damage done to the rest of the property, including the land now sought to be expropriated. More than this, the estimation was based, in part, upon defendant’s statement as a witness that the taking of the land would reduce to little or nothing the value of the rest of his property, including the land' involved in the instant suit. How much of the estimate was for value of land, and how much for damages to the remainder of property, it is impossible to say. The verdict of the jury, which the court simply affirmed, reads as follows:
“We, the jury, assess the value of defendant’s land and damages at $800.”
There was no separate valuation of the land. The value of the property taken and the damages to the remainder of the property are two distinct and separate things. Shreve *1004 port R. R. Co. v. Hinds, 50 La. Ann. 781, 24 South. 287.
The objection to the verdict of the jury in the Gaudet suit was good, or not, accordingly as defendant could, or not, have shown that the property was of similar character. And the same thing may be said of the objection to the act of sale by Gilchrist to Mrs. Aricer.
The witness Deckbar was ruled out as not an expert, although he had lived 22 years in the neighborhood, and was thoroughly acquainted with the property in the neighborhood and with the property to be expropriated, and said that in making his estimate he would take in consideration all the sales that had been made of real estate in the neighborhood in recent years. The ground of his exclusion was that he would also take into consideration the amount allowed by the jury in the suit of N. O. & W. R. R. Co. v. B. Morere, referred to hereinabove.
We. think the witness should have been permitted to testify. The objection went to the effect of his evidence.
Defendant offered to prove by the witness Mack the agreement between the witness and the Frisco Railroad for the sale by the witness to the railroad of certain lots in the neighborhood, and plaintiff objected to the evidence on the grounds: (1) That the lots were too remote from defendant’s property; (2) that the agreement was res inter alios ac-ta; (3) that an agreement to sell real estate must be in writing; and (4) that the agreement was after suit for expropriation had been instituted, and by way of compromise.
The lots were a mile, or a mile and a half, from defendant’s land. This did not make them too remote, if the land was similar in character. The other grounds of objection are untenable: That of res inter alios acta we have already had occasion to pass on hereinabove, in connection with the offer of the record of the suit of Railroad Company v. Morere; that of parol not being admissible to show title to real estate, would have been good if the object of the offer had been to affect the title to real estate, but such was not its object—its object was simply to show what price a railroad company had consented to give, a fact which, until some writing had been drawn up, could not be shown otherwise than by parol; and, finally, the circumstance that the agreement had been the result of compromise, went to the. effect and not to the admissibility. The same thing can be said of every purchase made by a railroad for securing a right of way. The vendor avoids a law suit by accepting the offer made to him by the railroad company. Some courts hold that such purchases are inadmissible on that ground.
The evidence as to offers' of purchase was properly rejected. Offers of purchase are a class of evidence safer to reject than to receive. A. & E. E. of Law, vol. 10, p. 1154.
Henry Lambert was, we think, qualified to testify as to the value of the land. He lived in the neighborhood, and was well acquainted with the property. Knew of the real estate-transactions in the immediate neighborhood.
Strange to say, the defendant was not permitted to testify to the value of his own property, on the ground that “he had not been qualified.” The defendant had owned the land since 1891, and had lived on it for 17 years, and was well acquainted with it and knew of the sales of land in the neighborhood.
The conclusion, from the foregoing examination of the record, is that the case must be remanded for another trial, and the judgment will be rendered accordingly, with leave, however, to defendant, on application for rehearing, to have it set aside and the judgment appealed from affirmed.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be *1006 set aside, and the case remanded for another trial, and the plaintiff pay all costs.
NIOHOLLS, J., takes no part, not having been present when the case was argued.