## LOUISIANA HIGHWAY COMMISSION v. RUSSELL.

### No. 6068.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

E. R. Stoker, of Baton Rouge, and N. S. Hoffpauir, of Crowley, for appellant.

W. Decker Moore, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff instituted this action, a condemnation proceeding, to have adjudicated to it, for highway purposes, a narrow strip of land owned by defendant in the NE 1/4 of the NE 1/4 of Sec. 25, Twp. 18 N, Range 1 E., and in the NW 1/4 of the NW 1/4 of Sec. 30, Twp. 18 N, Range 2 E., Ouachita Parish, containing .96 of an acre.

Defendant challenged the correctness of the alleged need of the land for highway purposes, but has abandoned that position. Here, he concedes that the only questions for determination are the value of the land sought to be expropriated and resultant damages, if any.

The jury of free holders selected to pass upon the issues tendered, returned a verdict of $300 for plaintiff; $50 for the land and $250 to cover damages.

Plaintiff prosecutes appeal from a judgment pursuant to the jury's verdict and seriously complains of the award as being grossly excessive.

Defendant owns a tract of approximately ten acres across the north side of said NW 1/4 of the NW 1/4 of Sec. 30 and about the same acreage in the NE corner of said Section 25. The south boundary of the tracts is the Cheniere-Calhoun Highway, being State Route No. 4. These tracts front on the north side of the said highway, a distance of approximately 2,-350 feet.

Plaintiff seeks to acquire a strip 10 feet wide and approximately 250 feet long, adjacent to the highway, beginning at defendant's east line, and to acquire a strip 20 feet wide, also adjacent to the highway, for the remaining 2,100 feet westerly.

This land is in the hill section of Ouachita Parish. It is shown to be not very fertile, and, due to its sand content, constantly subject to injury from erosion. Plaintiff's witnesses evaluate the land at from Thirty ($30) Dollars to Fifty ($50) Dollars per acre. The only possible damage that could result from its acquisition and use by plaintiff is shown to be the destruction of approximately .1 of an acre in cotton. The value of this cotton is not fixed by any witnesses in the case, but plaintiff's counsel concedes such value to have been Ten ($10) Dollars. In reality, the use plaintiff intends to make of this entire strip of land, as an adjunct to the existing highway, will benefit the adjacent lands of defendant, by reducing, if not preventing entirely, erosion thereof.

The value of the land, as fixed by the jury, is not seriously contested by plaintiff.

Defendant introduced no testimony whatever to traverse that adduced by plaintiff.

We are reminded of the well recognized rule prevailing in cases of this character, to the effect that the jury's

findings on the questions of value and damages should have great weight on appeal, and should not be disturbed unless manifestly inadequate or excessive. The rule invoked is a safe one to follow, where applicable; but it is not uncommon in this state for appellate courts to revise a jury's award in such cases. Louisiana Highway Commission v. Johnson et al., La.App., 189 So. 314; Louisiana Highway Commission v. Merchant, La.App., 174 So. 696, and cases therein cited.

■ In the present case the amount of damages fixed by the jury is palpably excessive and will have to be reduced.

For reasons herein assigned, the judgment appealed from is amended by reducing the amount thereof to Sixty ($60) Dollars, and as thus amended, it is affirmed with costs.