**BOWIE LUMBER CO., LTD., v. UNITED STATES.**

**No. 11154.**

Circuit Court of Appeals, Fifth Circuit.

May 8, 1946.

Rehearing Denied June 18, 1946.

226

J. Blanc Monroe, Monte M. Lemann, and Walter J. Suthon, Jr., all of New Orleans, La., for appellant.

George Swarth, Vernon L. Wilkinson, and Roger P. Marquis, Attys., Dept. of Justice, J. Edward Williams, Acting Head, Lands Division, Department of Justice, all of Washington, D. C., and Herbert W. Christenberry, U. S. Atty., and Howell Carter, Jr., Sp. Atty., Dept. of Justice, both of New Orleans, La., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The United States, in July 1943, filed in court its petition to condemn in fee simple the property here involved, together with a declaration of taking, under authority of 40 U.S.C.A. §§ 257 and 258a. The amount of $60,107.00 as estimated just compensation for the property was deposited in court. On July 9, 1943, the court entered judgment on the declaration of taking, entering a decree vesting title in the United States and awarding possession beginning August 14, 1943.

The purpose of the condemnation was to provide clinical facilities under the authority of the Lanham Act of October 14, 1940, c. 862, 54 Stat. 1125, as amended by the Act of June 28, 1941, c. 260, 55 Stat. 361, 42 U.S.C.A. §§ 1531–1534.

The property condemned consisted of a lot in the City of New Orleans, Louisiana, on the southwest corner of Poydras and Carondelet Streets, and measured 72 feet on Poydras and 77 feet on Carondelet. The lot was occupied by two buildings. The first was a four-story brick building standing on the corner and extending approximately 50 feet on Poydras and about 75 feet on Carondelet. The remainder of the lot was occupied by the second building, a one-story brick and stucco structure with a frontage of 19 or 20 feet on Poydras Street.

The Poydras Building was erected in 1896–1897 by the Southern Bell Telephone Company, whose special needs it was peculiarly designed to met, and was not constructed for office purposes. At the time of taking, the fittings were old-fashioned and its ceiling heights excessive; it was not air-conditioned, or even piped for hot water. Its wiring was for direct current, and conversion to alternating current, as required by ordinance upon change in occupancy of the building, would have required installation of a new elevator motor. The attic was an air space from six to eight feet high, entirely unfinished, accessible only by stairs and of no use except for storage. One witness testifying for the owner, and who had never seen the attic, thought it would have an annual rental value of 25 cents a square foot, but another witness for the owner, and who had been rental agent for the building, was unable to fix any rental value for the attic. Witnesses for the Government testified that the attic had no rental value, and also testified that the building was in a rather undesirable location. It was used for office purposes by the owner and various tenants, but its construction made such use unsatisfactory and it had been largely vacant, even through times of great demand. Operation by the owner showed a book profit of $1,715 for the year 1942. However, the owner itself occupied 1000 square feet for which it showed a charge of $2.40 per square foot per year, whereas other tenants were being charged only from 70 cents to $1.36 per square foot. One of the owner's witnesses testified that the charge of $2.40 was excessive, and the owner, after the condemnation, was able to secure a class A air-conditioned building for $1.50 a square foot. Government witnesses testified that $1.00 a square foot was high rental for the building. Furthermore, forty-six years of the building's estimated life of seventy-five years had passed and the owner's statement made no allowance for depreciation. Neither did it allow for management costs, and its estimate of labor costs was low. From a consideration of all the evidence it was open to the jury to find that little or no net profit from operation of the building was shown. The small building on the lot was vacant, but witnesses fixed its rental value at from $75 to $100 a month.

Much testimony was introduced as to rents and sale prices of other buildings which were described and compared with the buildings here involved. There was also testimony as to actual and potential net and gross return from use of this property for offices. All the witnesses who testified on this subject agreed that the best use of the Poydras Building would be for single occupancy of the entire building, or at least of whole floors.

Witnesses for the United States valued the property at $61,500, $61,000, and $60,107; while witnesses for the owner valued the property at $75,000 and $73,300. The jury returned a verdict for $62,025.84, for which amount judgment was entered.

Decision must turn upon whether the court committed prejudicial error in excluding from evidence: (1) extracts from assessment rolls covering the condemned property; (2) a certified copy of an ordinance of the City of New Orleans authorizing the Mayor to lease the condemned property from the United States; (3) testimony of owner's witness concerning a certified copy of a lease of the condemned property from the United States to the City of New Orleans; (4) estimate of the original cost and cost of

reproduction of the condemned property; and (5) rental paid by owner at the time of trial for an office in which it was keeping records formerly stored in the attic of one of the condemned buildings.

■ The court in declining to permit the owner to introduce certified copies of extracts from the parish assessment rolls for the years 1940 through 1943, as proof of the market value of the property, committed no prejudicial error. Louisiana Ry. & Navigation Co. v. Morere, 116 La. 997, 41 So. 236; Louisiana Highway Commission v. Guidry, 176 La. 389, 404, 146 So. 1; Cf. McCandless v. United States, 9 Cir., 74 F.2d 596; United States v. First National Bank, D.C., 250 F. 299; Redman v. United States, 4 Cir., 136 F.2d 203; Louisiana Highway Commission v. DeBouchel, 174 La. 968, 973, 142 So. 142.

■ The great weight of authority holds that, except as declarations against interest, assessments are not admissible as evidence of value in condemnation proceedings. Orgel, Valuation under Eminent Domain, (1936), Sec. 150, pp. 509, 513; In re United States Commission, 54 App. D.C. 129, 295 F. 950; Johnson & Wimsatt v. Reichelderfer, 60 App.D.C. 186, 50 F.2d 336; United States v. 711.57 Acres of Land, etc., D.C., 51 F.Supp. 30; Cf. Westchester County Park Commission v. United States, 2 Cir., 143 F.2d 688, 694, cert. denied, 323 U.S. 726, 65 S.Ct. 59, 89 L.Ed. 583.

■ Moreover, if it was error to decline the introduction of the parish assessment rolls of the property, it becomes manifest that it was error without injury, since the owner was permitted to introduce over objection, and for all purposes, its receipts for state and city taxes for the year 1943, which showed such assessments to be $75,000.

■ An ordinance was passed by the City of New Orleans empowering the Mayor to lease the Poydras Building from the United States for five months with an option to renew the lease for one year, at an annual rental of $5,000.00. The court committed no reversible error in refusing to permit the introduction of this ordinance. Sharp v. United States, 191 U.S.

341, 348, 350, 24 S.Ct. 114, 48 L.Ed. 211; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959, 963; United States v. Certain Parcels of Land, etc., 5 Cir., 149 F.2d 81.

■ Under the power vested in the Mayor, a lease was executed and approved by the Council whereby the City of New Orleans leased the property for one year, with the privilege of yearly renewals and until six months after the termination of the National emergency. The court declined to permit owner to introduce this lease in evidence.

There was much evidence adduced before the jury as to the rental value of the property and the amount to be paid by the City for its rental, which was $5,000. The state of the record makes it uncertain whether the lease was actually offered in evidence or not. If, however, we accept the contention of the owner that it was offered, no reversible error was committed in refusing its introduction since the property was not in the condition in which it was at the time of the taking. The property had been renovated and remodeled by the United States to adapt it to the purpose for which it was taken, and the lease rent covered the use not only of the buildings but also all facilities, equipment, furnishings, fixtures, appurtenances and supplies which the Government was to provide. Furthermore, the lease was temporary and was to end certainly not later than six months after the emergency.

■ The refusal of the court to permit owner to introduce evidence touching the original cost of the building on a cubic foot basis, and also the estimated cost of the reproduction of the Poydras Building was not prejudicial error. Manifestly, such evidence was remote in point of time as to original cost. United States v. Becktold Co., 8 Cir., 129 F.2d 473, 479; Devou v. City of Cincinnati, 6 Cir., 162 F. 633.

■ It could not be helpful to the jury to permit evidence of the reproduction of the building by owner's witness, the Assistant City Architect. The building had stood for over forty-six years and the cost of reproduction in the year 1943

would, in all probability, mislead the jury. It was within the sound discretion of the court to admit or reject this evidence and its ruling should not work a reversal. Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d 297, 304; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892; Cf. United States v. Savannah Shipyards, 5 Cir., 139 F.2d 953.

 It was not error to exclude testimony as to rent paid by owner of the building at the time of trial for an office in which it was keeping records formerly stored in the attic of the Poydras Building. The question propounded was, "How much do you pay for that (office where owner had moved) now?" This question called for an answer as to the time of the trial and not as to the time of taking, and for that reason was irrelevant. Furthermore, the testimony was properly excluded for the reason that it did not concern property comparable to that taken. Loughran v. United States, 62 App.D.C. 57, 64 F.2d 555; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892.

 The award to which owner is entitled is the fair market value of the property taken, as of the time of taking. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55.

We do not find reversible error in the record, and the judgment is affirmed.