136 So.2d 76 (1961)
UNITED GAS PIPE LINE COMPANY
v.
Onle Martin NEZAT et vlr.
No. 437.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Certiorari Denied February 19, 1962.
*77 C. Kenneth Deshotel, Opelousas, for defendants-appellants.
Hargrove, Guyton & Van Hook, by John T. Guyton, Shreveport, and Lewis & Lewis, by Seth Lewis, Sr., Opelousas, for plaintiff-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff filed an expropriation suit against defendant under the provisions of LSA-R.S. 19:1 through LSA-R.S. 19:13, inclusive (the general expropriation statute in Louisiana). Plaintiff alleges that it is a foreign corporation and has been duly qualified to do business in the State of Louisiana and is doing business in this state and was created, among other purposes, for the piping and marketing of natural gas to supply same to the public. Plaintiff alleged further that it desired to construct a 217.3-mile thirty-inch pipe line beginning at a point of connection with its existing transmission facilities in St. Mary Parish, Louisiana, *78 thence running in a northwesterly direction to a point near Weeks Island, and thence in a generally northern direction, crossing the lands of defendants to a point of connection with other of petitioner's transmission facilities in Ouachita Parish, Louisiana, and that said pipe line will be constructed for the transportation of natural gas for the purpose of supplying the public with natural gas.
Plaintiff alleged that in order to construct said line it needed to expropriate certain described property belonging to defendants; that through its agents and employees it had made an amicable offer to pay to defendants the sum of $527.00, but the offer had been refused. This suit followed.
Defendants filed a general denial. Defendants also filed exceptions of (1) Lack of jurisdiction over the subject matter because the certificate of necessity was issued by the Federal Power Commission and only the U.S. District Court had jurisdiction over the subject matter; (2) No right of action because (a) the purpose for which the plaintiff was created was for a private purpose, (b) the charter of plaintiff does not expressly state it has the right to expropriate, (c) there is no allegation of necessity, and (d) the property is not being taken for public purposes; (3) Exception of no cause of action in that the location desired by plaintiff would cause irreparable injury to defendants' property.
The trial court overruled all of the exceptions and after a trial on the merits, judgment was rendered expropriating the property belonging to the defendants and fixing the value thereof at the sum of $1,200.
From the judgment of the lower court, defendant appealed and plaintiff has answered the appeal praying that the award made by the district court be reduced.
In this court, counsel sets forth seven errors committed by the trial judge. These errors are as follows:
1. The trial court erred in giving judgment to the plaintiff.
2. The trial court erred in overruling the exceptions of no right of action.
3. The trial court erred in overruling the exceptions of no cause of action.
4. The trial court erred in allowing hearsay testimony.
5. The trial court erred in not going into the necessity of the taking.
6. The trial court erred in not admitting testimony as to the price paid by an expropriating authority in another matter.
7. The trial court erred in not awarding damages for loss of use of property outside the proposed right-of-way.
Specifications of error 1. and 5. will be treated together since they necessarily deal with the same subject matter.
The burden of establishing proof of the necessity of the taking is on the party seeking to expropriate said property. Louisiana Ry. & Nav. Co. v. Xavier Realty, Ltd. (1905), 115 La. 328, 39 So. 1.
On the subject of public necessity, Mr. C. W. Hollenshead testified for plaintiff. He stated that the proposed pipe line would be used to transport natural gas and to serve the public throughout Louisiana with such gas. The gas to be transported in the pipe line is gas which plaintiff has under contract with suppliers and producers from gas reserves in South Louisiana; that such gas will be sold directly to consumers and indirectly to wholesalers for resale to consumers on and along the pipe line. Some of the consumers include 75 cities and towns, power plants, paper mills and chemical companies. This Court is of the opinion that plaintiff has shown public necessity and purpose and has the right to expropriate the property in the instant case. While the trial judge did not rule specifically on this point, he came to the same *79 conclusion for he allowed plaintiff to expropriate the property asked for in its petition.
The next complaint by defendants is that the district court erred in overruling the exceptions of no cause and no right of action. These specifications of error are listed in brief of defendants as 2. and 3. Defendants allege that since plaintiff was created for a private purpose, it cannot expropriate property in the instant case and that the property is not being taken for a public purpose. LSA-R.S. 19:2(7) states that a corporation created for the piping and marketing of natural gas for the purpose of supplying the public with natural gas is entitled to expropriate needed property. The above statute specifically authorizes plaintiff to expropriate the property of the defendants in the instant case.
The next and most serious specification of error is set forth in specification of error No. 6. found in defendants' brief. Defendants contend that the trial court erred in not admitting testimony as to the price paid by an expropriating authority in another matter.
Defendants offered to introduce in the instant case Suit No. 42.459, St. Landry Parish Docket, entitled State of Louisiana, through the Department of Highways v. Waterbury, wherein the state had deposited in the Registry of the Court $173,381.00 for 22 acres. Counsel for plaintiff objected to the introduction of this evidence which objection was maintained by the trial judge. This we believe was error on the part of the district judge. The evidence as to value is very scant in the record. The property in the Waterbury case might be in close proximity to the instant property, and the appraisal of the property by the experts might have helped the trial judge at arriving at a valuation of the property in the instant case.
In the recent case of State through Dept. of Highways v. Carret (La.App., 3 Cir., 1961), 130 So.2d 447, 448, this Court said:
"As both parties agree, the general rule is that `the measure of compensation to be awarded in expropriation cases is the market value of the propertythat is, a price which would be agreed upon at a voluntary sale between a willing seller and purchaser * * * and that sales of similar and comparable property within the vicinity offer the best guide in determining the market value to which the owner is entitled * * *', State through Dept. of Highways v. Central Realty Investment Company, 238 La. 965, 117 So.2d 261, 263. On the other hand, it is also agreed that `sales to the expropriating authority made under the threat of expropriation are not the result of free bargaining between a willing seller and a willing buyer, and, while they can be considered in reaching the market value of property to be expropriated, are not controlling as comparable sales', State through Dept. of Highways v. McDuffie, 240 La.App. 378, 123 So.2d 93, 96. * * * (Citations omitted)."
The district court did not allow any severance damages for the property taken. This would be caused by the 30-inch gas pipe line traversing defendants' property. This pipe line is potentially dangerous. Leaks are expected to occur in the line from time to time and when leaks do occur, explosions may result. Texas Pipe Line Co. v. National Gasoline Co. of Louisiana (1943), 203 La. 787, 14 So.2d 636; Texas Pipe Line Company v. Barbe (1955), 229 La. 191, 85 So.2d 260.
The law on the subject of compensation and damages is stated in the case of Louisiana Highway Commission v. Israel (1944), 205 La. 669, 17 So.2d 914, 916, in the following language, namely:
"The law is well settled, and counsel for the respective litigants agree, that the amount due for private property expropriated for public purposes is its *80 market value when taken. Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1. The market value of property is its fair value between one who wants to purchase and one who wants to sell, under ordinary and usual circumstances. Opelousas, G. & N.E. Railroad Company v. Bradford, 118 La. 506, 43 So. 79; Louisville & N. Railroad Company v. R. E. (E.) De Montluzin Company, Inc., 166 La. 211, 116 So. 854; Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354. It does not mean speculative value. Louisiana Highway Commission v. Lasseigne, 177 La. 440, 148 So. 672. Furthermore, compensation is due to the owner not only for the value of the property actually taken but also for damage caused to his remaining, portion after the taking. Louisiana Highway Commission v. Guidry, supra."
In Texas Pipe Line Co. v. National Gasoline Co. of Louisiana, supra, the court said that an existing pipe line may be an element used in assessing damages.
Since we have found that the evidence excluded by the trial judge is admissable in evidence and also that the defendants may suffer severance damages because of the taking, we hereby remand the case to the district court to permit defendant to introduce the improperly excluded evidence as well as any other comparable sales to expropriating authorities. Also, defendant must be permitted to prove any severance damages, which under the facts of this case are provable by establishing the difference between the market value of the remaining land immediately before and immediately after the expropriation. To make ourselves perfectly clear, defendants must effectively show the market value of the remaining property immediately before and immediately after the expropriation in order to establish the quantum of severance damages, if any.
For the reasons assigned, the judgment of the district court is reversed and the case is remanded to the district court for trial in accordance with the views expressed herein.
Plaintiff is to pay all costs that have accrued thus far in the district court and costs of this appeal.
Reversed and remanded.
FRUGE, Judge (concurs in part with reasons).
I adhere to the view that the award in damages in the sum of $1200.00 should be affirmed, although in my opinion the award is inadequate, the trial judge was not manifestly erroneous in this award based on the record as presently made up.
Consistently I coucur in the majority remand to receive further proof for possible increase in damages.

On Application for Rehearing
EN BANC.
PER CURIAM.
In its application for rehearing, the plaintiff-appellee suggests, inter alia, that our original opinion held that the entire record in another expropriation proceeding concerning comparable property is admissible in the present suit. Notwithstanding any inadvertent language susceptible of such implication, we intended only to hold that the judgment in any case involving other parties for the expropriation of property of similar character in the neighborhood is good evidence of value. Louisiana Railway and Navigation Company v. Morere (1906), 116 La. 997, 41 So. 236.
Our original opinion has disposed of all other contentions.
For the reasons assigned, the application for rehearing is denied.