YARRUT, Judge.
This is an appeal by the City of New ■'Orleans from the judgment of the district •court condemning it to pay $40,500.00 to Defendant for expropriating the latter’s property needed for the widening of Poy-dras Street in New Orleans.
The only issue is quantum. The City of New Orleans will be referred to herein as -the “City,” and the Defendant as the “Owner.”
The property expropriated bears the Municipal No. 426 Camp Street, is close to the •corner of Poydras Street, and is described ■as follows:
A certain lot of ground, together with all the buildings and improvements thereon, situated in the First District •of this City in Square No. 165, bounded by Camp, Magazine, Poydras and Natchez Sts., and designated as Lot 24 measuring twenty-one feet, eleven inches, four lines (21'11"4"') front •on Camp St., by a depth between parallel lines of fifty-six feet, eight inches (56" 8").
The Owner claims he is entitled to $70,-000.00 as fair market value; plus $31,724.-96, special damages, viz.:
“a) Special work and materials required to accommodate defendant in new location :
Electrical $10,000.00
Plumbing 2,800.00
Carpentry 2,824.96 Shelving & Showcases 1,800.00
Electric Dumb Elevator 3,000.00
Signs 3,000.00
Total $23,424.96
b) Appraisal Expenses 1,500.00
c) Moving Expenses 6,800.00
TOTAL $31,724.96”
The district court rendered judgment for only $40,500.00 for the Owner, plus $1,750.-00 expert fees, or a total of $42,250.00, plus all costs and interest; denying the items of special damages claimed by the Owner.
The City appealed for a reduction of the award, and the Owner answered for an increase to $75,000.00.
The principal experts appearing were Max Derbes, realtor for the City; and Omer F. Kuebel, realtor, and Edward C. Gremillion, civil engineer and building construction estimator and superintendent, for the Owner.
Mr. Derbes testified that the building had a replacement value of $43,835.00, from which he deducted 75% for depreciation and obsolescence, or $32,876.00, leaving a depreciated value of $10,959.00; then appraised that land at $10.00 per square foot (1244 square feet), or $12,443.00; making an over-all valuation of $23,402.00. Mr. Derbes was not qualified as a building expert and did not support his testimony with any competent evidence as to the depreciation or replacement value of the building.
Mr. Kuebel, for the Owner, testified he covered the entire area along Camp, Magazine, Poydras and St. Charles Street; reported all the sales, and considered the enhancement in value resulting from the new *58 International Trade Mart; that he inspected each one of the properties he considered comparable; and interviewed either the buyer or the seller in order to properly analyze the sale, the sales price, physical condition of the building at the time of the sale, and other economic factors which should be known by an appraiser in making estimates of value by comparison; that he engaged Mr. Edward C. Gremillion, civil engineer and contractor for many years with Perrilliat & Rickey Construction Co., Inc., as estimator and supervisor, to make an independent survey of the cost of reproduction of the building.
After analyzing the comparable sales, Mr. Kuebel fixed the land value at $13.50 per square foot, or $16,794.00 for the 1244-total square footage.
Regarding the value of the improvements, Mr. Kuebel accepted Mr. Gremil-lion’s analysis of the value of $27,895.00, or a total value of $44,689.00, or $35.93 per square foot for both land and building.
Mr. Gremillion testified and gave a detailed analysis of the value of the improvements, viz.:

*59 The jurisprudence governing fixing val-ues in expropriations is well settled and was reviewed in the case of Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295, in which the court held:
“ * * * The general rule is that the measure of compensation to be awarded the owner in expropriation proceedings is the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy — in other words, the market value of the property. There are exceptions to this rule. In cases where there is no market value for a residence sought to be expropriated, "the intrinsic value, or its value to the ■owner, must be taken into consideration; otherwise he might be deprived of his property without just and reasonable compensation. The compensation to which the owner is entitled is the full and perfect equivalent of the property taken — in other words, the loss caused to him by the taking. ‘This means substantially that the owner shall be put in as good position pecu-niarily as he would have been in if his property had not been taken’. * * * This is the rule established long ago and consistently adhered to by the Supreme Court of the United States.”
See also City of New Orleans v. Paltron, La.App., 166 So.2d 61; Housing Authority of New Orleans v. Brinkmann, 224 La. 262, 69 So.2d 37.
The City objected to evidence of amounts paid other owners by the City in this project, contending it was inadmissible. The admissibility of such evidence, while not in itself conclusive, is proper. Louisiana Railway and Navigation Co. v. Morere, 116 La. 997, 41 So. 236; United Gas Pipe Line Co. v. Nezat, La.App., 136 So.2d 76. Mr. Derbes did not know that the City had paid other expropriated owners more than his appraisals.
Regarding the extra damages claimed by the Owner in the amount of $31,724.96, the rule is that the only separation damages allowed are damages to, or depreciation of, the remainder of the property when less than the whole is expropriated. See Texas Gas Transmission Corp. v. Fuselier, La.App., 133 So.2d 828. In expropriation proceedings mere consequential damage arising from disturbance or injury to business is damnum absque injuria. Rapides Parish School Bd. v. Nassif, 232 La. 218, 94 So.2d 40.
In view of the conflicting testimony of the real estate appraisers, with only that of the Owner’s expert appraiser being buttressed by an analysis of the value of the improvements made by Mr. Gremillion, the construction expert, we can find no reason to disturb the award of the district court. City of New Orleans v. Paltron, cited supra.
The judgment of the district court is affirmed ; the City to pay all taxable costs in both courts.
Judgment affirmed.