LOTTINGER, Judge.
Petitioner, Calcasieu and Southern Railway Company, a Louisiana corporation, seeks to expropriate a right of way across the land of defendant, Kinder Canal Company, Inc. The lower court awarded judgment in favor of petitioner, and the defendant has taken this appeal.
This is a companion suit with those entitled Calcasieu and Southern Railway Co. *538 versus J. A. Bel, et al, and another with the same title, i. e. Calcasieu and Southern Railway Co. versus J. A. Bel, et al, the et als being different parties in the said suits. The first of said suit was of such jurisdictional amount as to require appeal to the Supreme Court, and a decision, has been rendered by the Supreme Court. La.Sup., 69 So.2d 40. The other of said suits is up on appeal before this court, and a separate opinion will be rendered therein. La. App., 69 So.2d 541.
Petitioner alleges that it is constructing a railroad from the lines of the Missouri Pacific Railroad Company near Kinder, Allen Parish, Louisiana, to land owned by the Powell Lumber Company in Jefferson Davis Parish, Louisiana. In order for petitioner to proceed with the construction of its railroad, it is necessary for it to obtain a right of way over the property owned by defendant. The petitioner claims that the right of way sought is along the most direct route possible and is the place where the railroad should be constructed to meet good and practical engineering tests. Petitioner alleges that it has offered to pay the defendant $250 per acre for the damages to be suffered by defendant because of petitioner’s use of the right of way, or a total cash consideration of $360 for the 1.44 acres of land; that said offer is fair and reasonable; and that the laws of the State of Louisiana grant petitioner the right to expropriate the right of way.
The defendant filed exceptions to the petition as follows:
(1). Exception of Prematurity stating that the petitioner did not offer defendant, or any of its authorized representatives, any specified sum or amount for the land or property sought to be expropriated prior to the filing of suit.
(2). Exception of No Right of Action.
(3). Exception of No Cause of Action.
By stipulation of counsel, these exceptions were referred to the merits.
Defendant filed an answer constituting a general denial of petitioner’s allegations and further alleging that petitioner is not entitled nor legally empowered to expropriate property, as is attempted in this case. Defendant alleges that petitioner is not' and has never been a legally authorized common carrier by rail; that the rail line for which the present expropriation is sought is not for the benefit of the public; that the purpose of the said line is purely a private purpose, and as a plant utility for petitioner and its parent or associated company, and is designed and contemplated and calculated privately to .serve only one contemplated plant facility, viz., the proposed gravel and sand operations by plaintiff’s parent or associated company on the land of the Powell Lumber Company; that, since no public purpose, benefit and utility will be served by the exercise of the power of expropriation by petitioner, petitioner’s demands for expropriation must be denied.
In the alternative, defendant alleges that the route set forth in the purported plan was not the most direct and expeditious route, and that the land or property sought to be expropriated was excessive; but -both of these defenses have been abandoned by defendant.
In brief the issues are narrowed down to three questions as follows:
(1). Was this suit filed prematurely?
(2). Is the petitioner qualified under Louisiana Law to expropriate private property, the defendant contending that it is not because petitioner is not a common carrier, and, furthermore, no public purpose will be served by the railroad.
(3). If the expropriation is allowed, what is the value of the land expropriated, and what are the damages to defendant?
The lower court awarded judgment in favor of petitioner and granted the right of way to petitioner upon the payment by it to defendant of the sum of $500 to cover the damage caused to defendant’s land, and upon the payment by petitioner to the defendant for any and all timber cut from said right of way, said payment to be at the rate of $31.50 per thousand for pine, *539 $12 per thousand for hardwood, and $3 per cord for pulpwood. The lower court assessed all costs to- the petitioner.
The defendant has taken this appeal. The petitioner has answered the appeal, asking that the judgment below he amended so as to tax the costs against defendant.
We will take up the questions before us in the same order as given above, the first being the question of prematurity.
Defendant claims this suit to be premature because the petitioner never made any offer to defendant for the purchase of the right of way. The plea of prematurity is peculiar to this case and was not made in the two companion cases which are mentioned above.
There is filed of record in this proceeding a letter from petitioner to Mr. W. J. tinkle, President of the defendant company, to which letter is attached an agreement and map showing the right of way desired and the terms and conditions thereof. In the said agreement, the consideration is left blank, but there is a clause providing for payment for any timber cut at the rate of $12 per thousand for hardwood, $31.50 per thousand for pine, and $3 per cord for pulpwood. Mr. Roy Stanley, an agent for petitioner, stated on the witness stand that he personally contacted Mr. Unkle on at least two occasions about a right of way, and, on one of these occasions, offered $250 per acre for same. In the alternative, petitioner pleads that even if such an exact offer was not made, it is not required to make a positive, affirmative offer which would have been refused, and Mr. Unkle testified in depositions filed that the company would not have accepted any offer whatsoever. His testimony on that score is as follows:
“Q. If the Calcasieu and Southern Railway was to increase its offer to you for this right of way, would that influence your judgment in any way?
A. I wouldn’t think so.
“Q. In other words, there is no amount of money within reason that we could offer.Kinder Canal Company that would make it grant this right of way? A: Nothing more than we want to save that land just like it is. We don’t want it cut up. We may want to build a canal one of these days and for that reason I don’t think we would want to have anything interfere with our work.
“Q. So I say no amount of money we would offer you in reason would change your judgment? A. I wouldn’t think so, no.”
Assuming, for the sake of argument, that the petitioner did not tender any specific sum to defendant for the desired right of way, the testimony of the president of the defendant corporation indicates that any reasonable offer would have been refused by defendant. Under the doctrine as set forth by the Supreme Court in Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, the lower court held that a formal tender is not required, where it would be of no avail. We concur in this reasoning and agree that the plea of prematurity was properly overruled.
The second question before us is whether the petitioner is qualified under Louisiana Law to expropriate private property, the defendant contending that it is not because petitioner is not a common carrier, and furthermore, no public purpose will be served by the railroad. The Supreme Court in Calcasieu & Southern R. Co. v. Bel, et al., La.Sup., 69 So.2d 40, held that the petitioner railway company was a common carrier and had the right to expropriate property for its rights of ways. The said case is a companion one to the present one and the facts in both cases are the same. In support of their holding, the Supreme Court cited Vicksburg, A. & S. R. Co. v. Louisiana & A. R. Co., 136 La. 691, 67 So. 553; United States v. Louisiana & P. R. Co., (The Tap Line Cases) 234 U.S. 1, 34 S.Ct. 741, 58 L.Ed. 1185. See also Kansas City, S. & G. R. Co. v. Louisiana W. R. Co., 116 La. 178, 40 So. 627.
*540 The argument which defendant brings forth in support of his contention that no public purpose will be served by petitioner railway is that there is another railroad, owned by Parish Line Railway, Inc., leading to approximately the same point that petitioner will serve. The Parish Line Railway has obtained all its rights of way, and has laid a portion of their track. The petitioner introduced evidence to show that the facilities of the Parish Line Railway will not be such as to enable it to haul heavy cars of sand and gravel, because of the methods of construction thereof. At the time of trial the lower court stated that.it was impossible to determine what facilities the said line will have when it is ready to commence operations.
We believe that the defendant has failed to prove that petitioner will serve no purpose of a public nature in the operation of its railway. Petitioner introduced several businessmen who testified that they would be in a position to use the services of petitioner railroad in hauling timber, lumber, rice, and other commodities. The lower court held that the public purpose requirement set out in Article 1, Section 3 and in Article 4, Section IS of the Louisiana Constitution was complied with. We find no error in this conclusion, and agree that the petitioner has the right to expropriate property for rights of ways.
The remaining question has to do with the value of the right of way, and the damages, if any; to defendant. The general rule is that the measure of compensation to be awarded the owner in expropriation proceedings is the market value of the property. Mr. Unkle testified that the value of the land would be about $75 to $80 per acre plus the value of the timber thereon.
The land in question is about rectangular in shape. It measures about 1200 feet north and south and about 4200 feet east and west. Its eastern boundary is a parish road. The right of way sought does not follow the eastern line of defendant’s property, but “cuts off” from the remainder of the tract about six and one-half acres -in addition to the 1.44 acres being expropriated. The land has a good timber stand, which is of some value. One fact to be considered, in assessing damages, is the fact that defendant can now enter its 120 acre tract at any point along the parish road which bounds it to the east; but after the expropriation, there will be only one crossing of the railroad, according to the right of way sought by petitioner. Another factor to be considered is that defendant is in the business of transporting water by canals for irrigation purposes, and it was shown that defendant might well decide, at a later date, to build a canal which would have to cross the petitioner’s right of way.
The lower court awarded defendant the sum of $500 for the right of way, plus payment for any timber cut at the rate of $31.-50 per thousand for pine, $12 per thousand for hardwood, and $3 per cord for pulpwood. The award was far in excess of the value of the property of $80 per acre as testified by the president of defendant company, and was in excess of the $250 per acre paid for other rights of ways in the same area, and which sum was allegedly .offered -to defendant by petitioner. This figure covered the value of the land and the damages sustained by defendant by reason of the right of way going through its property. We believe that the amount set was reasonable to both parties and see no reason for changing it. As a matter of fact, petitioner, in its answer to this appeal, did not seek a reduction of the award given below.
The final question to be decided is petitioner’s contention that the court costs below should have been assessed against defendant. The evidence shows that the only offer made by petitioner to defendant for the right of way was the sum of $250 per acre for the 1.44 acres expropriated, plus the value of timber. There was no offer made for any damages which might be occasioned the other property of' defendant by the right of way. The lower court found that some damages will result to defendant and we agree with said find *541 ing. We find no error in the decision below.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, the costs of this appeal to be paid by defendant.
Judgment affirmed.