LOTTINGER, Judge.
The petitioner, Calcasieu and Southern Railway Company, a Louisiana corporation, seeks to expropriate a right of way over the land of the defendants, John Albert Bel and others. Judgment below.was in favor of petitioner, and the defendants •have appealed.
This is a companion suit to that of Calcasieu & Southern Railway Co. v. Kinder Canal Co., Inc., La.App., 69 So.2d 537, in which a judgment was this day rendered by this court. It is also a companion suit to that of Calcasieu & Southern Railway Co. v. Bel, et als, La.Sup., 69 So.2d 40, in which the Supreme Court of this state has . recently rendered a decision. The latter mentioned case bears the same title as the present suit, however the party defendants are different.
Petitioner is incorporated under . the laws of this state. According to its charter, the objects and purposes for which it was organized were:
“a. To engage in the business of-transportation of freight, máil and express as a common carrier.
“b. To purchase, construct * * * operate * * * railroads, railroad lines and railroad properties * * * for the transportation of freight, mail and express.”
At the time of the trial, rights of way had been secured by petitioner from some landowners, and the petitioner was actually engaged in the construction of the railroad. The defendant and other landowners had refused' to grant a right of way across their properties, and this suit was brought to expropriate a right of way across defendant’s property.
..All of the stock of petitioner corporation is now owned by Gifford.-Hill & Company, Inc., a large sand and gravel company, and the directors. and officers of 'the petitioner corporation, with one exception are directors and officers of Gifford-Hill. Gifford-Hill is financing the entire rail *542 road construction by taking notes of the petitioner corporation secured by its assets. It is admitted that the principal business of petitioner corporation will be derived from Gifford-Hill & Company, however, there are other businesses which will be served by petitioner.
Defendant claims that the petitioner is not a common carrier, but is a private railroad constructed for the purpose of serving Gifford-Hill. It further contends that there is another railroad under construction serving the same area as will be served by petitioner, and that no public purpose will be served by the construction of a second railroad in the area.
The lower court gave judgment in favor of petitioner and granted the right of way, upon the payment to defendant of the sum of $1,278.50, to cover damages caused to defendants’ land, and upon the payment by petitioner to defendants for any and all timber cut from said right of way, said payment to be at the rate of $31.50 per thousand for pine, $12 per thousand for hardwood, and $3 per cord for pulpwood. Defendant has taken this appeal.
The only question raised is whether or not the petitioner has the right of expropriation. No question of quantum has been raised by defendant either in this court or below.
The question has been decided by the Supreme Court in its decision rendered in Calcasieu & Southern Railway Co. Further discussion of the matter is given in our decision in Calcasieu & Southern Railway Co. v. Kinder Canal Co., Inc., which was rendered this day. The facts in the said two cases were the same as are presented here, and in both of said cases the courts held that petitioner has the right of expropriation. For complete discussion of the question, we refer to the said cases.
For the reasons, assigned, the judgment of the lower court is affirmed, costs of this appeal to be paid by defendant.
Judgment affirmed.