CULPEPPER, Judge.
In this expropriation suit, plaintiff seeks a fifty foot easement for a 26 inch natural gas pipeline across defendant’s rice farm in Acadia Parish. The said right of way contains 4.88 acres, more or less. The judgment of the lower court granted plaintiff the easement and ordered plaintiff to pay to defendant the sum of $2,000 representing the value of the right of way taken and the additional sum of $2,430 as damages attributable to the cost of releveling the land and restoring levees on 135 acres of rice fields. From said judgment the plaintiff has appealed contending (1) that the district court erred in using the full fee value of the land as a basis for the award of the value of the right of way, (2) that the district court awarded $400 per acre for 5 acres whereas the right of way actually contains only 4.88 acres, and (3) that the lower court erred in its award of $2,430 attributable to the cost of releveling and restoring levees on 135 acres. Defendant has not answered the appeal.
In oral argument before this court on appeal, plaintiff abandoned its contention that it should pay less than the full value of the land for the acreage included within the right of way, and we therefore will not discuss this specification of error.
With regard to plaintiff’s contention that the trial judge awarded $400 per acre for 5 acres within the right of way, when in truth and in fact there were only 4.88 acres within the right of way, we find that the trial judge rendered no written opinion and the judgment simply awards “the sum of $2,000 which is adjudged to be the value of the right of way, — ” without stating how many acres are involved. Although it is true, as plaintiff argues, that the highest value given by the expert witnesses was $400 per acre, several comparable sales were introduced in evidence by the defendant showing higher values. We are unable to determine from the record that the trial judge intended to award $400 per acre or that he erred in his mathematical computation by using 5 acres instead of 4.88 acres. Furthermore the record fully supports an award of $2,000 for the 4.88 acre right of way taken. We will not disturb this portion of the district court’s judgment.
The most serious issue in this case is the award of $2,430 as damages attributable to the cost of releveling and restoring levees on 135 acres of land. In view of our decision in the recent case of Texas Gas Transmission Corporation v. Fuselier, 133 So.2d 828 (3rd Cir.App.1961, writ denied), plaintiff has not argued before this court that no award can be made in the instant case for land leveling as an item of severance damages because no expert opinion evidence, or evidence of comparable sales,, was introduced to show any diminution in market value of the remaining land after the taking. In Texas Gas Transmission Corporation v. Fuselier, supra, as in the instant case, the only evidence introduced by the defendant, for the purpose of proving this item of severance damages, was the cost per acre of releveling his rice field after construction of the proposed pipeline and this court held as follows:
“The jurisprudence set out above shows beyond question that items of severance *125 damages, such as the one for releveling defendant’s rice field in the instant case, have been allowed many times by our Supreme Court, on the basis of evidence as to the cost of restoration, building fences, providing access, etc. In our opinion, the law is correctly set forth in 18 Am.Jur. 910 as follows:
“ ‘Sec. 269. Expense Necessary to Make Remaining Land Usable. — When part of an owner’s property is taken for a public use, the owner may be damaged from inability to make the most advantageous use of the remaining land without additional expense. The cost of restoring the remaining land to a condition that will malee it available for use, if a reasonable and proper method of meeting the damage caused by the taking, is a proper element to consider. Of course, there can be no double recovery for an item of expense. So, where the cost of restoring a building to its former state has been covered by an allowance for the reduced value of the building, there can be no separate allowance for items expended in the restoration.’ ”
In the instant case plaintiff argues on appeal that (1) the entire 135 acres will not have to be releveled and (2) that the cost of releveling and rebuilding levees will not exceed $9.70 per acre. In support of its first contention, plaintiff calls attention to the testimony of its expert witness, Mr. David E. Black, formerly an assistant professor in agriculture at Louisiana State University and, for the last two years, in business for himself as a consultant in agricultural management and an appraiser in matters of an agricultural nature. Mr. Black expressed the opinion that only 10 acres of defendant’s rice field would have to be releveled and he figured the cost at $20 per acre. Plaintiff also argues that defendant’s own witnesses admitted that it would not be necessary to relevel those portions of the fields where levees were not cut by the pipeline, but in our opinion, a reading of the record shows clearly that defendant and his witnesses did not testify to this effect but on the contrary testified positively and repeatedly that where a pipeline crosses a rice field and cuts a substantial portion of the levees it will be necessary to relevel and reconstruct the levees in the entire field in order to properly flood and grow the rice.
Defendant’s witnesses explained that the young rice must be flooded to a depth of not over 2^ inches. Too little water will allow grass to grow and too much water will kill the rice. A field is initially leveled by starting at the lowest point and working up, leveling the land between each contour with a tolerance of not over 2i/i inches. The levees are placed on the contour lines. When a pipeline is constructed across such a leveled field, a mound of dirt is left above the pipeline. This mound cannot be spread over the field without going through the entire procedure of releveling and relocating the levees. The procedure is to first tear down the old levees, then plow, disk and harrow the entire field, then survey to determine the elevations, then use the special releveling machine, and then build the levees so that the water will again flow evenly down between. All of these witnesses have been rice farmers for many years and have actually had experience with the effects of pipelines crossing their fields, as well as the fields of their neighbors. Their opinions on this issue clearly outweigh the testimony of defendant’s one expert witness, Mr. Black. It is therefore our conclusion that the trial judge correctly held the entire 135 acres must be releveled and the levees restored.
As to the cost per acre of releveling and restoring levees, a close examination of the testimony of all of the witnesses, both for plaintiff and defendant, shows the lowest estimate was $16 and the highest was $20' per acre. The figure of $9.70 per acre, urged by plaintiff as being shown in the testimony of one of defendant’s witnesses, was for releveling only and did not include the cost of resurveying and rebuilding levees. Furthermore, this figure did not include ex *126 pense incident to the ownership, maintenance and repair of equipment. The evidence clearly supports the lower court’s award of $18 per acre.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.