SAVOY, Judge.
Plaintiff expropriated from the defendant landowner a right-of-way of .29 acre for use in laying a four inch diameter underground pipe line.
In the case of The Texas Pipe Line Company v. Remick Langlinais, La.App., 168 So.2d 380, consolidated with the instant case, plaintiff expropriated a right-of-way of .31 acre.
The public necessity of the taking was stipulated by the parties at the time of trial in the lower court. The only issue for consideration on this appeal is severance damages.
The lower court awarded defendant, Ollie Langlinais, a total of $580.45; $123.25 for the permanent right-of-way; $17.20 for a temporary working right-of-way; and $440.00 in severance damages.
The lower court award to defendant, Remick Langlinais, totalled $855.80; $155.00 for the permanent right-of-way; $18.80 for a temporary working . right-of-way; and $532.00 in overall severance damages, and an additional $150.00 in severance damages to a six-acre portion of the tract.
*378 From those judgments, plaintiff has appealed, seeking a reversal as to the award of severance damages.
Defendant, Ollie Langlinais, has answered the appeal, asking simply that the lower court judgment be affirmed.
Defendant, Remick Langlinais, has also answered the appeal, asking for damages of $7,500.00.
As regards this appeal, plaintiff contends that no severance damages were established. Defendants contend to the contrary.
With regard to the case of Ollie Lang-linais, the record reveals that defendant’s land is located in a rural section of Lafayette Parish, Louisiana. His property fronts a distance of 447.7 feet on a gravel road and extends back westerly between parallel lines from the road. The total acreage is 32 superficial arpents, more or less, or about 27 acres. Plaintiff’s right-of-way runs in a southerly to northerly angle across the width of the property. At the point where it enters on defendant’s south line, the pipe line is 747.3 feet from the center of the gravel road; at the point where it leaves defendant’s property on his north line, it is 350 feet from the center of the road. The road right-of-way appears to be about 50 feet in width. Plaintiff’s total ultimate right-of-way will be 20 feet in width, 10 feet on each side of the pipe line. The temporary working right-of-way embraces an additional 30 feet, 5 feet on the east and 25 feet on the west, to be used only during the period of construction. Defendant has been, and is presently, using the property for dairy farming purposes. A single-family frame residence, a milking barn and a combination rest and hay barn extend in a row back from the road toward plaintiff’s right-of-way; the land is otherwise used as pasturage and for the planting of certain crops.
In the consolidated case, the land of Remick Langlinais is located about one mile from that of Ollie Langlinais. It fronts a distance of approximately 1350 feet on a gravel road and extends back from the roadi in a northerly direction. The outline of the. property forms an inverted “T” with the cross or wide part of it fronting along the.road. The cross of the “T” is 593 feet in depth. The total acreage of the entire tract is 35 arpents, or about 29.6 acres. Plaintiff’s-right-of-way runs at an angle in a northeasterly direction from the road and diagonally across the eastern end of the cross of’ the “T”. That portion of the cross is hereafter referred to as the six-acre portion of’ defendant’s tract. Defendant has been, and is presently, using the property for agricultural purposes. Its improvements consist of a frame tenant dwelling.
As previously pointed out, we need concern ourselves only with the question of severance damages for the purposes of this-appeal.
Two expert witnesses, Messrs. Allen Angers and Arthur Fleming, both real estate men, testified for plaintiff. They valued the land of both defendants, without improvements, at $350.00 per acre. Neither of them felt there would be any diminution in value-of defendants’ remaining land, considering’ its highest and best use as being for dairy and agricultural purposes, its uninterrupted' continuity and its availability for all purposes to which it had been previously put’ by defendants.
Mr. Chester L. Martin and Mr. Lloyd Smith, both real estate men, testified for defendants. It was their opinion that the land of Ollie Langlinais should be valued without improvements at $500.00 per acre,, and that the land of Remick Langlinais should be valued, without improvements, at $1,000.00 per acre for the six-acre portion and $500.00 to $600.00 per acre for the overall tract. The extra value given to the six-acre portion of the Remick Langlinais tract was based upon their opinion that it was particularly suited for use as rural home-sites. No such contention was advanced with regard to the Ollie Langlinais tract-
Regarding severance damages, Mr. Martin felt that the Ollie Langlinais tract would *379 "be diminished in value by about ten per cent, which opinion was based on his general experience in the real estate business. Mr. Smith expressed no opinion. Both experts felt that the Remick Langlinais six-.acre portion would be diminished in value 'by twenty-five per cent, and overall, by about ten per cent as stated by Mr. Martin. 'Both experts based their opinions on their general experience in the real estate business.
From the foregoing testimony, plaintiff takes the position that defendants have not ■carried the burden of proving severance •damages, principally because defendants’ witnesses based their opinions only on what 'they believed to be generally true from their •experience in the business; and, in Remick Langlinais’ case, because the evidence, as developed in the record, does not show that there are, in fact, any appreciable number ■of homesites for sale in the immediate area ■of his land.
Defendants rely principally on the case of Tennessee Gas Transmission Company v. Primeaux (La.App., 1 Cir., 1958), 100 So.2d 917, in which the appellate court awarded severance damages on similar testimony by ■expert witnesses, that is, taking the position that the mere presence of a pipe line, in all •cases, creates some diminution in value to •.the remaining land.
In the case of United Gas Pipe Line Company v. Nezat (La.App., 3 Cir., 1961), 136 So.2d 76, this Court held that defendant landowners must effectively show the market value of the remaining property immediately before and immediately after the ■expropriation in order to establish the •quantum of severance damages. We also held, in Texas Gas Transmission Corporation v. Fuselier (La.App., 3 Cir., 1961), 133 So.2d 828, that severance damages may be proved, inter alia, by expert opinion evidence and by comparable sales.
In the instant cases, while the evidence discloses comparable sales bearing on the overall per-acre value of lands similar arid in close proximity to those of defendants, there did not appear to be any available instances of sales of similar properties after the installation of pipe lines as compared to their values prior to such installation. However, we feel that the opinions of defendants’ expert witnesses, from which opinions they never retreated, are sufficient under the circumstances to establish defendants’ contention that some degree of severance damages will result from the installation of the pipe line in the* instant cases.
From the lower court’s written opinion, and from information contained in the record, it is apparent that the lower court’s awards for severance damages were based as follows: Ollie Langlinais’ tract was valued at $425.00 an acre, and the court allowed four per cent severance damages, which it computed at $440.00. Remick Langlinais’ tract was valued at $500.00 an acre for the six-acre portion, and $450.00 an acre overall. The court allowed four per cent severance damages to the entire tract, including the six-acre portion, plus an additional five per cent on the six-acre portion, (a total of nine per cent as to the six acres), which it computed at $532.00 overall plus $150.00 extra for the six-acre portion, totalling $682.00.
Considering the general testimony of all four expert witnesses, we see no manifest error in the basic findings of the lower court, and in the main we will not disturb it.
However, in order to be as precisely fair, accurate and uniform as possible, we will recompute the severance damage awards as follows:
Ollie Langlinais: His tract contains 32 arpents, more or less. To compute arpents to acres, we multiply 32 x .846, which gives 27.07 acres. The area of the permanent right-of-way taken is .29 acres, which, subtracted from 27.07 acres, gives 26.78 acres. At $425.00 per acre, the 26.78 acres is thus valued at $11,381.50. Severance damages of four per cent thereon amounts to $455.26, *380 and the lower court’s award of $440.00 is, accordingly, increased to that amount.
Remick Langlinais: His tract contains 35 arpents, which, computed as above, makes 29.6 acres. The area of the permanent right-of-way taken is .31 acre, leaving net acreage of 29.29. Valued at $450.00 an acre, the total net overall acreage is valued at $13,180.80. Severance damages of four per cent thereon amount to $527.22; the lower court’s award of $532.00 is, accordingly, reduced to that amount. As to the additional five per cent severance damage to the six-acre portion of the tract, the net acreage is 5.69, considering the area of the permanent right-of-way. At $500.00 per acre, the total value is $2,845.00. Severance damages of five per cent thereon amount to $142.25; the lower court’s award of $150.00 is, accordingly, reduced to that amount.
As thus amended, the judgment of the lower court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
Amended and affirmed.