192 So.2d 561 (1966)
TEXAS GAS TRANSMISSION CORPORATION, Plaintiff-Appellant,
v.
Joseph Maxie PIERCE, Defendant-Appellee.
No. 1858.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
*562 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, by Lucius F. Suthon, New Orleans, for plaintiff-appellant.
Pugh, Buatt & Pugh, by Lawrence Pugh, Jr., Crowley, for defendant-appellee.
Before TATE, FRUGÉ and SAVOY, JJ.
TATE, Judge.
This is an expropriation suit. A natural gas company (Texas Gas) sues for a right of way servitude for pipeline purposes to cross the defendant Pierce's property. Texas Gas appeals the trial court judgment, contending that the award of $4,779.60 was excessive. Pierce answers the appeal to request certain relief.
*563 The condemner Texas Gas urges seven specifications of error in the trial court judgment. The landowner Pierce advances four contentions for dismissal of the suit or, alternatively, amendment of the trial court decree. All eleven contentions are well-briefed and substantial. In the ultimate analysis, however, in each instance substantial competent evidence supports the trial court's decision to apply some previously settled principle of expropriation law. Although the evidence is conflicting, we cannot say the court erred in evaluating it as it did. This evaluation requires an affirmance, with a minor amendment, for the reasons to be stated below.
1. Principal contentions as to valuation and award.
The pipeline servitude crossed two non-contiguous tracts, A and B, owned by the defendant Pierce.
Tract A:
As to this tract, Texas Gas contends that the trial court should have valued the property as rural farmland ($525 per acre) rather than for rural homesites ($750) and also that it should have awarded a percentage instead of the full fee value for the land actually taken. Texas Gas also contends the trial court erred in awarding severance damages.
Based upon evidence of actual demand, growing industrialization in the area, and the presence of a subdivision across the highway, the trial court accepted the testimony of the landowners' experts that the highest and best use of this tract is for rural homesites with market value of $750 per acre. The landowner was awarded the full fee value of $673 for the land (9/10 acre) actually included within the 50' permanent right of way. (No structures could be built on it.) He was also awarded severance damages of $1590 for a 331/3% loss in market value for residential purposes of the 6½ acres immediately adjacent to the high-pressure 20" natural gas pipeline.
The trial court's award was based upon preponderating expert testimony as justifiably evaluated by it. We find no error in the allowance of (a) the full fee value of Tract A land actually within the servitude, together with (b) severance damages for the loss in market value for residential purposes of those portions of the tract immediately adjacent to the high-pressure pipeline. Texas Gas Transmission Corp. v. Broussard, 234 La. 751, 101 So.2d 657, followed on remand, La.App. 3 Cir., 177 So.2d 145; United Gas Pipe Line Co. v. Nezat, La.App. 3 Cir., 160 So.2d 367, certiorari denied, 245 La. 970, 162 So.2d 15; Coastal Transmission Corp. v. Lejeune, La. App. 3 Cir., 148 So.2d 111; Trunkline Gas Co. v. Cassidy, La.App. 3 Cir., 138 So.2d 424.
In contending that only a percentage of the fee value should be allowed for the taking, Texas Gas relies upon Colonial Pipeline Co. v. Babineaux, La.App. 3 Cir., 154 So.2d 594. There, the preponderant testimony indicated that the pipeline servitude caused only a 60% loss in market value. In the present case, however (as in the cited decisions), the preponderant expert testimony supports a total loss in market value. The Babineaux ruling is thus distinguishable. Likewise, Texas Gas's expert testimony that no severance damage was sustained was properly rejected by the trial court under the contrary evidence instead accepted by it, consistent with the holdings in the decisions cited above.
Tract B:
The evidence is virtually in agreement that the highest and best use of this tract is for rice farmland with a value of $500 per acre. Texas Gas contends that only a percentage of instead of the full fee value should have been awarded for the servitude taken, and also that severance damages were erroneously assessed.
Three of the four appraisers thought that the landowner should be awarded the full fee value ($515) for the *564 1.03 acres actually taken for the servitude, but the fourth appraiser testifying felt that an award of only 80% of the fee value was more appropriate. Often an award of only a percentage of the fee value is appropriate for a utility servitude across agricultural lands, since some residual agricultural or grazing use may be possible. Columbia Gulf Transmission Co. v. Fontenot, La.App. 3 Cir., 187 So.2d 455; Central Louisiana Electric Co. v. Fontenot, La.App. 3 Cir., 159 So.2d 738. Nevertheless, where as here the preponderant evidence is that the location or nature of the servitude renders the land taken virtually worthless for its highest and best use, it is appropriate to award the full fee value for the servitude taken. Louisiana Power & Light Co. v. Simmons, 229 La. 165, 85 So.2d 261; Texas Gas Transmission Corp. v. Fuselier, La.App. 3 Cir., 133 So.2d 828.
As to severance damages, there was expert testimony that the remainder of the 59-acre tract might lose as much as 10-20% in market value because of the greater difficulty a prospective purchaser could anticipate in the cultivation of the rice field over the next few years because of the loss of fertility in the affected strip and its location. The trial court awarded $350 severance damages (i. e., about 1%) for this loss in market value of the entire tract by reason of the taking and location of this fresh pipeline servitude. The award was justified under the trial court's appreciation of the evidence. Texas Pipe Line Co. v. Langlinais, La.App. 3 Cir., 168 So.2d 377; Interstate Oil Pipe Line Co. v. Friedman, La.App. 3 Cir., 137 So.2d 700, 701; Tennessee Gas Transmission Co. v. Primeaux, La.App. 1 Cir., 100 So.2d 917, certiorari denied.
2. Other contentions rejected.
We have considered and we reject other contentions of error as to the amount of the trial court's award, including as indicated:
1. The trial court could under the evidence properly reject the testimony of the landowner Pierce's experts of greater severance damages sustained; 2. The evidence justifies the award of $111.60 for loss of the current year's rice-crop to be caused by construction of the pipeline during the rice growing season; 3. The trial court's resolution of the conflicting evidence justifies its award of damages of $1340 for the cost of relevelling the entire area of both (a 35-acre and a 32-acre) rice fields traversed by the pipeline, at $20 per acre, by reason of which it thus rejected testimony that the farmer could get by with much less extensive relevelling and reterracing operations. Texas Gas Transmission Corp. v. Klumpp, La.App. 3 Cir., 137 So.2d 123; 4. No abuse is shown in the fixing as reasonable of the expert witness's fees testifying at the amount of their statements for their services. State Through Department of Highways v. Babineaux, La. App. 3 Cir., 189 So.2d 450, 453-454.
3. Minor amendment of amount of award.
We do find, however, that the contention of Texas Gas is well-founded that the evidence does not justify the award of $100 each for the two temporary working-space servitudes taken for construction purposes for a limited period.
The landowner's experts did not specifically testify as to valuation of any damages or temporary loss of value to be caused by use of these strips taken for a temporary servitude. (However, the total damages awarded properly included the loss of the rice crop on the approximately one-acre used for the temporary servitude.) On the other hand, the experts of Texas Gas both testified without contradiction that the rental or market value of the temporary servitude would under the circumstances equal 10% of the fee value of the land.
We will accordingly, in the light of the present record, limit the landowner's compensation *565 for these temporary servitudes to $18.75 for Tract A (¼th acre temporary servitude, at 10% of $750 fee value) and to $31 for Tract B (.62 acre, at 10% of $500), or a total of $49.75. The trial court award of $200 will thus be reduced to $49.75, which requires that the total award be decreased by a net of $150.25.
4. The landowner's contentions that this expropriation suit should be dismissed.
By answer to the appeal, the landowner re-urges certain defenses to this expropriation suit which were rejected by the trial court. We affirm the trial court's rulings, as follows:
a. Prematurity: An expropriation suit may be dismissed as premature if the condemner has not first negotiated with and been refused by the landowner. LSA-Civil Code Article 2627 and LSA-R.S. 19:2 as interpreted by Calcasieu & Southern Ry. Co. v. Wittee, 224 La. 1001, 71 So.2d 854. However, the dilatory exception of prematurity, LSA-C.C.P. Art. 926, is waived unless pleaded at the same time as other declinatory and dilatory exceptions filed, LSA-C.C.P. Art. 928. See Interstate Oil Pipe Line Co. v. Friedman, La.App. 3 Cir., 137 So.2d 700.
The requirement of negotiation is met if the condemner makes a good faith attempt to acquire a conventional right of way prior to filing the expropriation suit. Calcasieu & Southern Railway Co. v. Kinder Canal Co., La.App. 1 Cir., 69 So.2d 537, certiorari denied. The evidence shows that, prior to suit, a right of way agent for Texas Gas approached the landowner and offered him $1500 for the taking and anticipated damages, which offer was refused by the landowner.
We regard this as sufficient good faith negotiation to justify overruling the exception of prematurity. We thus reject the landowner's forceful contention that the condemner's offer, requiring waiver in advance of all possible damages, was not a good faith prior offer for the taking itself.
b. Necessity and Location of the Taking: The landowner very vigorously questions the sufficiency of the proof of present necessity for the taking itself, as well as the necessity for the location of the servitude across the landowner's rice field instead of his swampland. The landowner's contentions are very forceful, but the now-settled jurisprudence requires our rejection both of his attack upon the necessity of the taking, Texas Eastern Transmission Corp. v. Bowman, 238 La. 399, 115 So.2d 797, Calcasieu & Southern Ry. Co. v. Bel, 224 La. 269, 69 So.2d 40, United Gas Pipe Line Co. v. Nezat, La.App. 3 Cir., 136 So.2d 76, as well as of his request for an alteration to a more convenient location of it across the landowner's property[1], Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491, Texas Eastern Transmission Corp. v. Bowie Lumber Co., La.App. 1 Cir., 176 So. 2d 735.
Decree.
For the reasons stated above, we affirm the trial court decree in all respects, except that we disallow $150.25 of the value of temporary servitudes taken as unproven. We thus reduce the net award from $4,779.60 to $4,629.35 (Four Thousand Six Hundred Twenty-Nine and 35/100 Dollars). As thus amended, the judgment is affirmed in all other respects. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.
NOTES
[1] The general rule is that the courts will not interfere with the considerable discretion of the condemner in choosing one location over another in the absence of fraud, bad faith, or conduct amounting to an abuse of the privilege. See Central Louisiana Electric Co. v. Covington & St. Tammany Land & Improvement Co., La. App. 1 Cir., 131 So.2d 369 at 375, citing many decisions.