CULPEPPER, Judge.
Plaintiff seeks damages to his rice fields caused by defendant’s installation of a pipeline. From an adverse judgment, defendants appealed.
The sole issue is whether, as a result of defendant’s installation of the pipeline, it is necessary to land-level plaintiff’s entire rice fields, rather than only the 100 foot right of way.
The facts show that in 1967 the defendant, Ford, Bacon & Davis Construction Corporation, installed a 30-inch natural gas pipeline for the defendant, Michigan-Wisconsin Pipeline Company. The line crossed plaintiff’s four contiguous but separate rice fields, on which 98 acres of rice was planted and growing. All compensation and damages have been settled except for land-leveling. Plaintiff contends that, as a result of the installation of the line, it is necessary to land-level the entire 98 acres. Defendants argue that only the 19.5 acres contained within the 100 foot right of way must be releveled. The parties have stipulated that the cost of land-leveling, whatever portion is necessary, is $20 per acre. The district judge awarded $20 per acre for the entire 98 acres, a total of $1,960.
The issue is factual, i.e., has plaintiff sustained his burden of proving that it is, necessary to relevel the entire fields. We will first review plaintiff’s evidence.
Plaintiff’s most impressive witness was Mr. Harold Manuel. He is a large rice farmer and also does releveling work. He pointed out that the pipeline in question here was constructed after the rice was planted, thus necessitating the destruction of the existing levees on the right of way and the building of temporary levees along the sides. After the installation of the pipeline was completed, defendants employed Mr. Manuel to tear down these side levees and reconnect the ends of the pre-existing levees across the right of way. Manuel says his attempts to reconnect the levees failed. He explained that several of the levees ran generally parallel to the pipeline for a considerable distance and that he could not determine which levees should be reconnected. It was his firm opinion that it was necessary to destroy all existing levees, re-level the entire fields and then resurvey new contour lines and build new levees. Defendants actually offered him $2,000 to do this work, but he refused, saying that he could not do it for that price.
Mr. Harry Aguillard, a farmer who annually raises approximately 450 acres of rice, averaging 40 barrels to the acre, has extensive experience in land-leveling. He *543 personally viewed the fields and participated in the taking of transit readings. It is his opinion that, due to the additional dirt remaining on the right of way after installation of the pipeline, the contour lines of the fields are changed to the extent that the existing irrigation levees will have to be torn down, the entire fields re-leveled, new contour lines surveyed and new levees built.
Mr. Claude Courville, the next witness for the plaintiff, plants about 500 acres of rice annually. He has had actual experience with pipelines constructed across his fields. Furthermore, he is a bulldozer operator and has been employed many times by pipeline companies to clean up and re-level. Courville viewed the fields in question here and participated in taking the transit readings. It is his firm opinion that, due to the dirt displaced by the 30 inch pipeline and the disturbance of compaction in the trench, there is “an inch to an inch and a half across the right of way higher than your land was before they laid that pipeline.” He says that since the difference in elevation between the levees on these fields is only 2 inches, it would be impossible to establish new levees without releveling the entire fields.
Mr. Jack McClelland, plaintiff’s son, took college courses in agriculture and surveying. He assists his father in raising rice. This witness actually made transit readings and found that due to additional dirt, holes and depressions left by heavy equipment and disturbance of the soil the level of the land was changed as much as 6 inches in places. It was his opinion that the entire fields must be releveled.
The plaintiff, Delma McClelland, testified substantially to the same effect as his witnesses listed above.
Now let us discuss briefly defendants’ evidence. Their principal witness was Mr. David Black, an agricultural consultant, who described, with photographs, an experiment which he had conducted on another rice field in a different parish. The results showed that after the construction of a pipeline it is only necessary to relevel the right of way and reconnect the old levees.
Defendant also introduced the testimony of Mr. Amoson Duhon, on whose land the experiment was conducted, and Mr. J. G. Broussard and Mr. Melvin Closti, rice farmers in another ■ parish across whose properties pipelines have crossed. These witnesses testified generally that it was not necessary to relevel their entire fields.
Mr. Melvin Schulze, an engineer, testified for the defendant that dirt displaced by a 30 inch pipeline, if spread with absolute evenness over the 100 foot right of way, Would raise the elevation only seconds of an inch. Hence, defendants argue 2 inch differences in elevation would be sufficient to tolerate the new dirt. Plaintiff points out that Mr. Schulze does not take into account additional dirt caused by the disturbance of compaction in the trench. Also, he assumes that the fields were previously absolutely level, a condition that is impossible.
We agree with the trial judge that plaintiff’s evidence preponderates. His witnesses are well qualified and their reasoning logical and persuasive. Plaintiff points out that the experiment described by Mr. Black is readily distinguishable from the facts of the present case on many grounds including: (1) The levees in the Duhon field were built on 3 inch and 6 inch elevation variations, whereas the McClelland levees were built on 2 inch variations. Hence, an addition of 1 inch or inches to the elevation of the right of way would be much more serious to the McClelland tract. (2) The Duhon line was 20 inches in diameter, whereas the Mc-Clelland line is 30 inches. (3) The Duhon tract was dry when the pipeline was built, whereas the McClelland tract was under cultivation which caused more disturbance of the soil. (4) The Duhon levees ran approximately equidistant from each other and at right angles to the pipeline, whereas many of the McClelland levees ran parallel *544 to the pipeline and were thus completely obliterated for considerable distances. (5) In Duhon the right of way was 66 feet wide, whereas in McClelland it was 100 feet wide.
The applicable law is well established. In several cases the courts have awarded the landowner the cost of relevel-ing the entire rice fields traversed by a pipeline, Texas Gas Transmission Corp. v. Fuselier, 133 So.2d 828 (La.App. 3rd Cir. 1961); Texas Gas Transmission Corp. v. Fontenot, 133 So.2d 841 (La.App. 3rd Cir. 1961); Texas Gas Transmission Corp. v. Pierce, 192 So.2d 561 (La.App. 3rd Cir. 1966). Each case rests on its own facts and the landowner has the burden of proving it is necessary to relevel the entire fields rather than only the right of way, Ardoin v. Michigan-Wisconsin Pipeline Co., 224 So.2d 172 (La.App. 3rd Cir. 1969).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.
HOOD, J., dissents, being of the opinion that the evidence fails to show the necessity of releveling the entire tract.