DOMENGEAUX, Judge.
This is a suit for damages instituted by Fred Merritt Farms, Inc. as landowner and David Doucet as tenant. Plaintiffs-appel-lees contend that defendant-appellant Columbia Gulf Transmission Company, pursuant to a servitude grant, constructed a 30-inch pipe line across 160 acres of rice land in Acadia Parish, Louisiana owned by Merritt and upon which Doucet enjoyed a five year agricultural lease, and that as a result of the laying of the line, it has become necessary to relevel the land, not only over the area of the servitude, but also throughout 105 acres of the aforementioned tract. They seek to recover the cost of the releveling and ask for damages because of the loss of fertility to the 4.5 acres within the confines of the servitude. Additionally they seek recompense for the cost of building drainage ditches and rejoining rice levees, and damages because of improper use and traverse of land not in the servitude.
Concluding that the plaintiffs had established the need for releveling 105 acres of the tract in question at a projected cost of $30.00 per acre, the trial court awarded damages to tenant Doucet in the amount of $3,150.00 inasmuch as the tenant was responsible for the maintenance of the land under the provisions of the agricultural lease with landowner Merritt. Additionally, based on future loss of rice crop yield within the 4.5 acres of the servitude, the trial court awarded plaintiffs the sum of $2,079.00 for loss of fertility to the soil therein, to be divided between plaintiffs on the basis of 60 per cent to the tenant and 40 per cent to the landowner, this division being in accordance with the agricultural lease between them. The plaintiffs’ remaining demands were denied. The costs in the trial court were assessed against defendant.
Defendant has appealed to this court. The plaintiffs, in brief and oral argument request that the judgment of the trial court be affirmed.
The issues presented are two-fold: 1) was there a need for releveling the area outside the servitude because of the disturbance of the entire land surface caused by the construction of defendant’s pipe line; and 2) did the construction of the pipe line result in loss of fertility of the soil within 4.5 acres of the servitude?
The plaintiffs’ property consists of 160 acres, and is divided into two 80-acre tracts by virtue of a fence running east and west across the middle of the land. Prior to the installation of the pipe line, plaintiffs, under the plans and supervision of the Soil Conservation Service of the United States Department of Agriculture, had done substantial land work on the whole acreage in order to improve its disposition for the growing of rice. Numerous rice levees were torn down and reduced and the property was water leveled and contoured. Over a period of three years the rice yields had increased approximately one-third. Rice crops were alternated in the northern and southern 80-acre tracts.
The defendant’s pipe line runs north and south in the middle of the plaintiffs’ land and required an excavation approximately six feet deep and four feet wide. The levees ran generally east and west and were bisected by the pipe line.
As is generally known, rice is grown in fields which are flooded periodically and *602 in order to prepare the field to contain the water, it is initially leveled by starting at the lowest point and working up and constructing levees so that each levee will be located on and along a contour line which varies approximately two and one-half inches in elevation from the bases of the levees which are on either side of it. When a pipe line is constructed across such a leveled field, a mound of dirt is left above the pipe line.
This physical disturbance across the levees and cuts (the land between the levees) poses the question of whether, in order to place the rice field in its original state, it is necessary to merely relevel the area along the pipe line excavation or to relevel the entire field.
Plaintiffs contend that it is necessary to re-water level 105 acres, the total area within the cuts traversed by the pipe line. An analysis of the evidence presented by plaintiff shows that because of the physical disturbance caused by the presence of the pipe line the total area within the cuts traversed by the pipe line, which area aggregated 105 acres had to be re-water leveled. This means, in effect, that the same procedure that was utilized initially on the rice land would have to be re-done. Plaintiffs’ evidence was to the effect that dry leveling only within the confines of the right of way would not suffice. Plaintiffs further showed that loss of yield of rice lands on other neighborhood property had been observed after the property had been bisected by another pipe line, and further that the excavation and resulting exposure of clay with the top soil within the right of way would reduce the rice yield for quite a few years, possibly as many as 10. Testifying to these opinions was the plaintiff Doucet, who had been a rice farmer for more than 20 years and who had been cropping the lands in question for five years. It was stipulated that three of the plaintiff Doucet’s neighbors, also rice farmers, namely, Wilfred Leleux, Louis Cor-mier and Nelson Richard would testify, if called, to the same effect as the plaintiff Doucet in connection with the question of re-leveling and loss of yield. Also testifying to the above effect on behalf of plaintiffs was George W. Guillory, a person holding a Bachelor’s Degree in Agriculture who had been employed with the Soil Conservation Service of the United States Department of Agriculture since 1958, and who was accepted by the court as an expert in general agricultural matters and in particular, soil conservation, and who had laid out and observed the water leveling of the property in question prior to the laying of the pipe line.
Defendant’s evidence was to the effect that a simple dry leveling within the confines of the right of way would suffice to place the rice field in its original condition and further that the future rice yields in the area of the excavation would not be materially affected thereby. To advance this theory the defendant utilized the testimony of Mr. David Black, an agronomist and agricultural consultant, and a rice farmer, Mr. Amson Duhon.
The trial judge, in well considered written reasons for judgment stated:
“ * * * My conclusion is that the evidence produced by plaintiffs in this case is more persuasive than that submitted by defendant and believe that the entire area within the cuts had to be relevelled in order to restore the land to its original condition, not merely the area within the boundaries of the right of way * * * ”
This court has found in similar cases, that when a pipe line servitude was expropriated across the middle of the landowner’s rice field, the landowner would be damaged from his inability to continue to use the remaining portion of his field for rice farming without releveling the field. Michigan Wisconsin Pipe Line Co. v. Frugé, La.App., 227 So.2d 606; Texas Gas Transmission Corp. v. Fuselier, La.App., 133 So.2d 828; Texas Gas Transmission Corp. v. Fontenot, 133 So.2d 841. Furthermore it has been shown that ofttimes the requirements for the proper flooding of a rice crop necessi *603 tate that the entire field, not just the area immediately affected, be releveled and re-contoured. Texas Gas Transmission Corp. v. Klumpp, La.App., 137 So.2d 123; Texas Gas Transmission Corp. v. Pierce, La.App., 192 So.2d 561.
However, as was indicated by this court in the case of Ardoin v. Michigan Wisconsin Pipe Line Co., La.App., 224 So.2d 172, it is not in every instance where a pipe line is constructed across a rice farm that the entire farm must be releveled, but each case must be determined upon its own facts.
It is axiomatic that the trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to these facts will not be disturbed unless found to be clearly erroneous. Ardoin v. Michigan Wisconsin Pipe Line Co., supra; Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir. 1966). As was indicated by the trial judge in this case, he was impressed by plaintiff’s evidence. In reviewing the transcript we cannot say that he erred in arriving at the factual conclusions that the construction of the pipe line caused or made it necessary for plaintiffs to water relevel the 105 acres referred to herein in order to place the rice lands in question in proper posture for replanting and also to the effect that the disturbance of the 4.5 acres within the right of way will result in a diminution of future rice yields therein.
The evidence supports the trial judge’s conclusion that the cost of water releveling the land amounts to $30.00 per acre and there is also ample evidence to sustain his other conclusion, that overall, throughout the next 10 crop years, there will be a total loss of two full crops, and based on an average price of $7.00 per barrel at 33 barrels per acre, the damages anticipated because of loss of fertility to the 4.5 acres within the confines of the servitude would amount to the sum of $2,079.00.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against defendant-appellant.
Affirmed.